**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT BERG, Individually and On )<br>Behalf of All Others Similarly Situated, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>VWR CORPORATION, HARRY M. )<br>JANSEN KRAEMER, JR., NICHOLAS W. )<br>ALEXOS, ROBERT L. BARCHI, )<br>EDWARD A. BLECHSCHMIDT, )<br>MANUEL A.H. BROCKE-BENZ, ROBERT )<br>P. DECRESCE, PAMELA FORBES- )<br>LIEBERMAN, TIMOTHY P. SULLIVAN, )<br>ROBERT J. ZOLLARS, AVANTOR, INC., )<br>VAIL ACQUISITION CORP., and  NEW )<br>MOUNTAIN CAPITAL L.L.C., )<br> )<br> Defendants. ) | Case No. 2:17-cv-2676 |

## STIPULATION AND [PROPOSED] ORDER OF DISMISSAL

WHEREAS, Plaintiff Robert Berg ("Plaintiff") filed the above-captioned action (the "Action") challenging the public disclosures made in connection with the proposed acquisition of VWR Corporation ("VWR" or the "Company") by Avantor, Inc. ("Parent") and Vail Acquisition Corp. ("Merger Sub"), affiliates of New Mountain Capital L.L.C. ("New Mountain Capital," and together with Parent and Merger Sub, "Avantor") pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around May 4, 2017 (the "Transaction");

WHEREAS, the Action asserts claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by Defendants alleged to have been made in VWR's proxy statement filed with the SEC on or around June 14, 2017 (the "Proxy Statement");

WHEREAS, on, July 5, 2017, VWR filed with the Securities and Exchange Commission a Current Report on Form 8-K that supplements the Proxy Statement that included certain additional information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Proxy Statement (the "Supplemental Disclosures");

WHEREAS, Plaintiff's counsel intends to assert a claim for mootness fees and expenses in connection with their role in causing the Supplemental Disclosures that mooted Plaintiff's claims (the "Fee Application"), and seek Court intervention if the parties cannot resolve Plaintiff's Fee Application;

WHEREAS, all of the Defendants in the Action reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Application;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

WHEREAS, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY ORDERED this _____ day of _____, 2017 that:

1.      The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff only.  All claims on behalf of the putative class are dismissed without prejudice.

2.     Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3.     The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's anticipated Fee Application, if filed.

4.     This Order is entered without prejudice to any right, position, claim, or defense any party may assert with respect to the Fee Application, which includes the Defendants' right to oppose the Fee Application.

5.     To the extent that the parties are unable to reach an agreement concerning the Fee Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

6.     Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding Plaintiff's Fee Application at a time convenient to the Court.

7.     If the parties reach an agreement concerning the Fee Application, they will notify the Court.  Upon such notification, the Court will close the Action.

Dated:  July 19, 2017                                    **RM LAW, P.C.**

                                                By:   */s/ Richard A. Maniskas*
                                                      Richard A. Maniskas (PA Bar No. 85942)
**OF COUNSEL:**                                       1055 Westlakes Drive, Suite 3112
                                                      Berwyn, PA 19312
**RIGRODSKY & LONG, P.A.**                            (484) 324-6800
Brian D. Long (PA Bar No. 82370)
Gina M. Serra (PA Bar No. 308207)                    *Attorneys for Plaintiff*
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**DRINKER BIDDLE & REATH**

*/s/ Richard E. Coe*

Michael W. McTigue Jr. (PA Bar No. 69548)

Richard E. Coe (PA Bar No. 94539)

One Logan Square, Ste. 200

Philadelphia, PA 19103

(215) 988-2700

New York, NY 10022

**OF COUNSEL:**

**KIRKLAND & ELLIS LLP**

Matthew Solum

601 Lexington Avenue

New York, NY 10022

(212) 446-4688

*Attorneys for Defendants  VWR Corporation, Harry M. Jansen Kraemer, Jr., Nicholas W. Alexos, Robert L. Barchi, Edward A. Blechschmidt, Manuel A.H. Brocke-Benz, Robert P. DeCresce, Pamela Forbes-Lieberman, Timothy P. Sullivan, Robert J. Zollars*

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Marc J. Sonnenfeld*

Marc J. Sonnenfeld (PA Bar No. 17210)

Jason H. Wilson (PA Bar No. 208112)

1701 Market Street

Philadelphia, PA 19103

(215) 963-5000

**OF COUNSEL:**

**SIMPSON THACHER**
**  & BARTLETT LLP**

Peter E. Kazanoff

425 Lexington Avenue

New York, NY 10017

212-455-3525

*Attorneys for Defendants Avantor, Inc., Vail Acquisition Corp., and  New Mountain Capital L.L.C.,*

IT IS SO ORDERED this _____ day of _____, 2017.

_____

UNITED STATES DISTRICT JUDGE